The Honorable Thomas T. Glover
Chapter 11
Hearing Place: Seattle, Courtroom 7106
Hearing Date: January 23, 2009, 9:30 a.m.
Response Date: January 16, 2009

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

WESCOLD, INC.,

              Debtor.

NO. 08-14902

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.

THIS MATTER having come before the Court on the Motion to (1) Sell Substantially All of Debtor's Assets, (2) Authorize Assumption and Assignment of Ervin Lease and Viewpoint License and Rejection of Any Other Executory Contracts and Unexpired Leases, and (3) Extend Time to Assume or Reject Unexpired Lease of Nonresidential Real Property (the "Motion") filed by Wescold, Inc., the debtor and debtor in possession herein (the "Debtor"); the Court having conducted a hearing on the Motion on January 23, 2009 (the "Hearing"); and the Court having granted the Motion pursuant to an order set forth in a separate document; NOW, THEREFORE, the Court hereby finds and concludes as follows:

///

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.- 1

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 08-14902-TTG    Doc 213    Filed 01/23/09    Ent. 01/26/09 15:45:57    Pg. 1 of 5

1. The Debtor provided adequate notice of the hearing on the Motion as set forth in the proofs of service on file with the Court (the "Notice").

2. Any objections to the Motion and the adequacy of the Notice have been either withdrawn or overruled.

3. The Court considered the Motion, the Declaration of Greg Sangster (the "Sangster Declaration") as Chief Restructuring Officer of the Debtor, the argument of counsel, and the files and records herein.

4. The Court has jurisdiction to hear and determine the Motion and all related matters pursuant to 28 U.S.C. §§ 1334 and 157. Venue of this case and proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (D), (M), (N), and (O). The statutory predicates for the relief granted herein are 11 U.S.C. §§ 105, 363, and 365, as supplemented by Federal Rules of Bankruptcy Procedure 2002, 4001, 6004, 6006, and 9007.

5. Notice of the Motion and of the Hearing thereon was timely and properly given in compliance with 11 U.S.C. §§ 102(1), 363(b) and (f), and 365, Federal Rules of Bankruptcy Procedure 4001, 6004, and 6006, and applicable local Bankruptcy Rules and was reasonable and appropriate under the circumstances. A reasonable opportunity to be heard was afforded to all interested parties and creditors.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.- 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 08-14902-TTG    Doc 213    Filed 01/23/09    Ent. 01/26/09 15:45:57    Pg. 2 of 5

6. The Debtor has demonstrated that the sale of the Acquired Assets (as defined in the Asset Purchase and Sale Agreement (the "Agreement") attached hereto as Exhibit A)[1] to the Buyer, pursuant to the Agreement, is based on sound business justifications, and such sale is in the best interests of the Debtor's estate for the reasons set forth in the Motion, the Sangster Declaration, and on the record at the hearing. Failure to approve the Motion will cause irreparable harm to the Debtor, its creditors, and its estate.

7. The sale of the Acquired Assets pursuant to the Agreement has been proposed and, if consummated, will have been consummated in good faith in accordance with 11 U.S.C. § 363(m). The Buyer is a good faith purchaser and is entitled to the protections afforded under 11 U.S.C. § 363(m). There was no collusion in the Purchase Price and no violation of 11 U.S.C. § 363(n). The Buyer is not an insider or affiliate of the Debtor.

8. The Debtor has demonstrated sufficient justification to sell the Acquired Assets and to effect the sale other than under a plan of reorganization and pursuant to a disclosure statement. Before and after the Petition Date, the Debtor has been actively attempting to market its assets. Multiple interested parties were identified. The Debtor's management negotiated with numerous prospective purchasers. No other parties were found with the resources to accomplish the Transaction within the time needed. The Buyer is the only prospective purchaser that put together an offer.

---

[1] Capitalized terms used and not defined herein have the meanings set forth in the Motion or the Agreement and are incorporated herein by this reference, unless otherwise set forth herein.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.- 3

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

9. The consideration to be received by the Debtor from the Buyer is fair and reasonable, and the sale does not unfairly benefit insiders, a proprietary purchaser, or any creditor or class of creditors. The "Purchase Price" as defined in the Agreement shall be $265,000.00.

10. Consummation of the Agreement is in the best interests of the Debtor, its estate, all creditors, and other parties in interest.

11. The Software License and the Ervin Lease (as defined in the Motion) will be essential to the value of the Acquired Assets. Executory contracts and expired leases not assumed and assigned to the Buyer will be burdensome to the estate. There is cause for an extension of time to assume or reject the Youngren Lease.

12. Either all entities having an interest in the Acquired Assets have consented to the sale thereof to the Buyer pursuant to 11 U.S.C. § 363(f)(2), or entities not consenting could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest pursuant to 11 U.S.C. § 363(f)(5) and RCW 7.60.260(2). Such consent requires disbursement of (a) $50,000.00 of the Purchase Price free and clear of any interests of Wells Fargo Bank, N.A. to the Escrow Agent in trust for the benefit of the Debtor's estate subject to further order of this Court and (b) the remainder to Wells Fargo Bank, N.A.

DATED this 23rd day of January, 2009.

Thomas T. Glover
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.- 4

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 08-14902-TTG    Doc 213    Filed 01/23/09    Ent. 01/26/09 15:45:57    Pg. 4 of 5

Presented by:

CAIRNCROSS & HEMPELMANN, P.S.

/s/ John R. Knapp, Jr.
John R. Knapp, Jr., WSBA No. 29343

Attorneys for Debtor Wescold, Inc.

FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, ETC.- 5

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*