The Honorable Thomas T. Glover
Chapter 11
Hearing Place: Seattle, Courtroom 7106
Hearing Date: January 23, 2009, 9:30 a.m.
Response Date: January 16, 2009

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

WESCOLD, INC.,

        Debtor.

NO. 08-14902

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

THIS MATTER having come before the Court on the Motion to (1) Sell Substantially All of Debtor's Assets, (2) Authorize Assumption and Assignment of Ervin Lease and Viewpoint License and Rejection of Any Other Executory Contracts and Unexpired Leases, and (3) Extend

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 1

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

{00952516.DOC;1} Case 08-14902-TTG    Doc 214    Filed 01/23/09    Ent. 01/26/09 15:50:24    Pg. 1 of 7

Time to Assume or Reject Unexpired Lease of Nonresidential Real Property (the "Motion") filed by Wescold, Inc., the debtor and debtor in possession herein (the "Debtor"); the Court having conducted a hearing on the Motion on January 23, 2009; and the Court having entered findings of fact and conclusions of law in a separate document pertaining to the Motion; based upon the foregoing, and good cause appearing, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Motion is hereby granted.

2. The Asset Purchase and Sale Agreement (the "Agreement"), including the Auction Procedures[1] set forth therein, is approved, and a copy is attached as Exhibit A to the Findings of Fact and Conclusions of Law. The "Purchase Price" as defined in the Agreement shall be Two Hundred Sixty-five Thousand Dollars ($265,000.00). The "Buyer" as defined in the Agreement shall include Hayden Products, LLC, a California limited liability company, or assigns.

3. Except as otherwise set forth by this Order or the Agreement, in accordance with 11 U.S.C. § 363(f), the sale of the Acquired Assets to the Buyer pursuant to the Agreement is free and clear of all Liens, claims, interests, liabilities and Encumbrances (including any and all

---

[1] Capitalized terms used and not defined herein have the meanings set forth in the Motion or the Agreement and are incorporated herein by this reference, unless otherwise set forth herein.

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 2

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

"*interests*" in the Acquired Assets within the meaning of 11 U.S.C. § 363(f) and also including any claims, interests or liabilities relating to any collective bargaining agreement(s) or employment or employee benefit agreements), subject to *NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 92 S. Ct. 1571 (1972) and other applicable law regarding whether Buyer has any obligation to bargain as with a union that represented employees of Wescold, Inc., with such Liens, claims, interests, liabilities, and Encumbrances to attach to the sale proceeds in the order and priority that existed prior to the sale.

4. The Agreement was proposed, negotiated, and entered into in good faith after arm's length bargaining by the Debtor and the Buyer. The Agreement provides the Debtor and its estate with the highest or otherwise best offer received for the Acquired Assets. The Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m) and is entitled to the protections thereunder. There was no collusion in the Purchase Price, and there has been no violation of 11 U.S.C. § 363(n).

5. The Debtor and the Buyer are authorized and directed execute, deliver, perform under, consummate, and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the foregoing, and otherwise to take such further actions as may be necessary to implement, close, and consummate

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 3

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

the sale of the Acquired Assets as the Seller pursuant to the terms of the Agreement without further notice or order of this Court.

6. Except as expressly provided herein, the Buyer has not assumed or otherwise become obligated for any of the Debtor's Liabilities. All creditors of the Debtor, whether known or unknown, are hereby permanently enjoined from commencing, continuing, or otherwise pursuing or enforcing any remedy, claim or cause of action against the Buyer or the Acquired Assets relative to any Liability owed by the Debtor.

7. This Order shall be binding on each of the Debtor, its estate, creditors, and shareholders, and any other affected third parties, including, but not limited to, parties asserting a claim or interest in the Debtor's estate and the successors and assigns of the foregoing, including, but not limited to, any trustee appointed in this Chapter 11 case or any subsequent Chapter 7 case.

8. The Debtor is authorized under 11 U.S.C. § 365(a) and (f) to, and upon the Closing at the Buyer's election shall, assume and assign to the Buyer the Software License and the Ervin Lease. No cure amount shall be due on the Software License. Upon Closing, the Debtor shall pay $512.38 to cure defaults under the Ervin Lease, or the Buyer, in its discretion, may elect to exercise the buyout option thereunder by payment of $9,418.29 or such lower amount as may be set forth in the payoff statement from Ervin Leasing Co.

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 4

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

Case 08-14902-TTG    Doc 214    Filed 01/23/09    Ent. 01/26/09 15:50:24    Pg. 4 of 7

9. The Debtor is authorized under 11 U.S.C. § 365(a) to reject any other executory contract or unexpired lease (including without limitation the Software License and the Ervin Lease in the event the Buyer elects not to assume them) effective upon the filing of a notice with the Court and mailing same to the affected counterparty.

10. The Debtor's deadline under 11 U.S.C. § 365(d)(4) to assume or reject the Youngren Lease is hereby extended through and including the earlier of the date the Acquired Assets are removed from the premises that are subject to the Youngren Lease, termination of the Agreement for any reason other than the Closing, or February 26, 2009, all without prejudice to further extension requests.

11. The Court shall retain sole and exclusive jurisdiction over all matters arising from or related to the Acquired Assets (as between the Debtor and the Buyer), the Motion, the implementation thereof, and the enforcement of this Order.

12. This Order shall not be subject to the stay of Federal Rules of Bankruptcy Procedure 6004(h) or 6006(d).

13. The Buyer shall pay the Purchase Price to the Escrow Agent pursuant to the terms of the Agreement. Disbursement of the Purchase Price shall be as follows: (1) $50,000.00 free and clear of any interests of Wells Fargo Bank, N.A. to the Escrow Agent in trust for the benefit

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 5

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Case 08-14902-TTG    Doc 214    Filed 01/23/09    Ent. 01/26/09 15:50:24    Pg. 5 of 7

of the estate subject to further order of the Court and (2) the remainder to Wells Fargo Bank, N.A.

14. In the event of any conflict between the terms of the Agreement and this Order, the terms of this Order shall govern.

15. The Buyer shall not be deemed a successor to the Debtor, by reason of the Closing or otherwise.

16. Federal, state, and local governmental units are directed to accept any and all documents to effectuate the Closing. The Buyer is authorized to file a UCC-3 termination statement as to Wells Fargo Bank, N.A., any assignee thereof, or any party asserting rights of subrogation.

17. The Buyer may enter into transactions with the Debtor's lessors, contracting parties, or other third parties in order to facilitate the implementation of this Order and the transfer of the Debtor's business to the Buyer.

18. The Acquired Assets shall not in any way include the Debtor's Chapter 11 rights, specifically and without limitation any of its avoidance rights arising under Chapter 5 of the Code, the rights to file and solicit acceptances of a plan of reorganization, the right to object to or seek to subordinate any claims, or any other rights to administer the Chapter 11 proceeding for the benefit of creditors and the estate. These rights are specifically reserved to the Debtor and its

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 6

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

Case 08-14902-TTG    Doc 214    Filed 01/23/09    Ent. 01/26/09 15:50:24    Pg. 6 of 7

estate. However, upon Closing, the Debtor and any party acting on behalf of the Debtor or the Debtor's estate shall be permanently enjoined from commencing, continuing or otherwise pursuing or enforcing any remedy, claim or cause of action relative to all claims, known or unknown, the Debtor or any party acting on behalf of the Debtor or the Debtor's estate may have against Buyer relating to Buyer's or Buyer's shareholders' relationship or dealings with the Debtor prior to the Petition Date including without limitation any claims under 11 U.S.C. § 544, 547, 548, and 550

DATED this 23rd day of January, 2009.

_____
Thomas T. Glover
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

Presented by:

CAIRNCROSS & HEMPELMANN, P.S.

/s/ John R. Knapp, Jr.
John R. Knapp, Jr., WSBA No. 29343

Attorneys for Debtor Wescold, Inc.

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION AND ASSIGNMENT OF ERVIN LEASE AND VIEWPOINT LICENSE AND REJECTION OF ANY OTHER EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (3) EXTEND TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY- 7

*Cairncross & Hempelmann, P.S.*
*Law Offices*
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308