The Honorable Thomas T. Glover
Chapter 11
Hearing Place: Seattle, Courtroom 7106
Hearing Date: February 6, 2009, 9:30 a.m.
Response Date: February 6, 2009

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

WESCOLD, INC.,

                    Debtor.

NO. 08-14902

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S
ASSETS, (2) AUTHORIZE ASSUMPTION,
ASSIGNMENT OR REJECTION OF
EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS,
LLC AGREEMENT, AND (4) EXTEND
TIME TO ASSUME OR REJECT
YOUNGREN LEASE

THIS MATTER having come before the Court on the Motion to (1) Sell Substantially All

of Debtor's Assets to Wescold Acquisition Company, (2) Authorize Assumption and Assignment

or Rejection of Executory Contracts and Unexpired Leases, (3) Confirm Termination of Hayden

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 1
{00968606.DOC;4}
DWT 12401673v1 0082827-000007

*Cairncross & Hempelmann, P.S.*
*Law Offices*
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 ● Fax: 206-587-2308*

Products, LLC Agreement, and (4) Extend Time to Assume or Reject Youngren Lease (the "Motion") filed by Wescold, Inc., the debtor and debtor in possession herein (the "Debtor"); the Court having conducted a hearing on the Motion on February 6, 2009; the Limited Response of Hayden Products, LLC having been resolved; and the Court having entered findings of fact and conclusions of law in a separate document pertaining to the Motion; based upon the foregoing, and good cause appearing, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Motion is hereby granted.

2.      The Asset Purchase and Sale Agreement and the Addendum thereto (the "Agreement") are approved, and a copy is attached as Exhibit A to the Findings of Fact and Conclusions of Law.  The Purchase Price shall be Three Hundred Thousand Dollars ($300,000.00).  The Buyer shall be Wescold Acquisition Company, a Washington corporation.

3.      Except as otherwise set forth by this Order or the Agreement, in accordance with 11 U.S.C. § 363(f), the sale of the Acquired Assets to the Buyer pursuant to the Agreement is free and clear of all Liens, claims, interests, liabilities and Encumbrances (including any and all "*interests*" in the Acquired Assets within the meaning of 11 U.S.C. § 363(f) and also including any claims, interests or liabilities relating to any collective bargaining agreement(s) or

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 2

*Cairncross & Hempelmann, P.S.*
**Law Offices**
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

employment or employee benefit agreements, subject to *NLRB v. Burns International Security Services, Inc.*, 406 U.S. 272, 92 S. Ct. 1571 (1972) and other applicable law regarding whether Buyer has any obligation to bargain with a union that represented employees of Wescold, Inc.), with such Liens, claims, interests, liabilities, and Encumbrances to attach to the sale proceeds in the order and priority that existed prior to the sale.

4.     The Agreement has been proposed, negotiated, and entered into in good faith after arm's length bargaining by the Debtor and the Buyer.  The Agreement provides the Debtor and its estate with the highest or otherwise best offer received for the Acquired Assets.  The Buyer is a good faith purchaser within the meaning of and pursuant to 11 U.S.C. § 363(m) and is entitled to the protections thereunder.  There was no collusion in the Purchase Price, and there has been no violation of 11 U.S.C. § 363(n).

5.     The Debtor and the Buyer are authorized and directed to execute, deliver, perform, consummate, and implement the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the foregoing, and otherwise to take such further actions as may be necessary to implement, close, and consummate the sale of the Acquired Assets as the Seller pursuant to the terms of the Agreement without further notice or order of this Court.

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 3

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 ● Fax: 206-587-2308*

{00968606.DOC;4}

6.     Except as expressly provided herein, the Buyer has not assumed or otherwise become obligated for any of the Debtor's Liabilities.  All creditors of the Debtor, whether known or unknown, are hereby permanently enjoined from commencing, continuing, or otherwise pursuing or enforcing any remedy, claim or cause of action against the Buyer or the Acquired Assets relative to any Liability owed by the Debtor.

7.     This Order is binding on each of the Debtor, its estate, creditors, and shareholders, and any other affected third parties, including, but not limited to, parties asserting a claim or interest in the Debtor's estate and the successors and assigns of the foregoing, including, but not limited to, any trustee appointed in this Chapter 11 case or any subsequent Chapter 7 case.

8.     The Debtor is authorized under 11 U.S.C. § 365(a) and (f) to, and upon the Closing at the Buyer's election shall, assume and assign to the Buyer the Software License and the Wachovia Lease (which are more particularly identified in Schedule 1 to the Agreement). Upon Closing, the Debtor shall pay $334.00 to cure all defaults under the Wachovia Lease and the Debtor shall pay $1,090 to cure all defaults under the Software License.

9.     The Debtor is authorized under 11 U.S.C. § 365(a) to reject any other executory contract or unexpired leases (including without limitation the Software License and the Wachovia Lease in the event the Buyer elects not to assume them) effective upon the filing of a notice with the Court and mailing same to the affected counterparty.

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 4
{00968606.DOC;4}

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

10. The Lease of the real property located at 4220 22nd Avenue West, Seattle, Washington which the Debtor has entered into with the Anna Youngren Trust (the "Youngren Lease") shall be rejected, the 30-day notice to quit deemed given, and termination of the Youngren Lease deemed effective on the earlier of (a) March 23, 2009, (b) the date of removal of the Acquired Assets from the premises, or (c) the date of termination of the Agreement other than due to the Closing; provided, however, the effective date of termination of the Youngren Lease shall be extended at Buyer's discretion until April 22, 2009, if, before the deemed termination of the Youngren Lease, the Buyer pays $5,000.00 to Anna Youngren Trust. The premises shall be left by the Buyer in broom clean condition, and the Buyer shall be liable for any damage caused to the premises by the removal of the Acquired Assets, pre-existing damage and normal wear and tear excepted. The Buyer is not acquiring, and shall not be responsible to remove, any hazardous waste on the premises.

11. The Court shall retain sole and exclusive jurisdiction over all matters arising from or related to the Acquired Assets (as between the Debtor and the Buyer), the Motion, the implementation thereof, and the enforcement of this Order.

12. This Order shall not be subject to the stay of Federal Rules of Bankruptcy Procedure 6004(h) or 6006(d).

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 5
{00968606.DOC;4}

*Cairncross & Hempelmann, P.S.*
**Law Offices**
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
Phone: 206-587-0700 • Fax: 206-587-2308

13. The Buyer shall pay the Purchase Price to the Escrow Agent pursuant to the terms of the Agreement. The Escrow Agent shall disburse the Purchase Price at Closing or as soon as practicable thereafter as follows: (1) $240,000.00 to Wells Fargo Bank, N.A., (2) $1,216.86 to King County Treasury, (3) up to $1,096.85 for the actual amount of Q4 2008 Washington sales or B&O taxes, (4) up to $949.00 for the actual amount of Q4 2008 Minnesota sales taxes, (5) up to $3,508.30 for the actual amount of Q4 2008 Washington L&I premiums, (6) up to $1,500.00 for the actual amount of Q4 2008 City of Seattle B&O taxes, and (7) the remainder free and clear of any interests of Wells Fargo Bank, N.A. to the Escrow Agent in trust for the benefit of the estate subject to further order of the Court.

14 Out of the net amount available to the estate after the payment required to be made to King County Treasury, other governmental units, and Wells Fargo Bank, N.A. by the preceding paragraph, the Debtor shall pay any holder of an allowed claim that is secured by a lien in the Acquired Assets.

15 Unless defined in this Order, all defined terms used in this Order shall have the meanings given those terms in the Motion and the Agreement.

16. In the event of any conflict between the terms of the Agreement and this Order, the terms of this Order shall govern.

ORDER GRANTING MOTION TO (1) SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS, (2) AUTHORIZE ASSUMPTION, ASSIGNMENT OR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (3) CONFIRM TERMINATION OF HAYDEN PRODUCTS, LLC AGREEMENT, AND (4) EXTEND TIME TO ASSUME OR REJECT YOUNGREN LEASE - 6

{00968606.DOC;4}

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

17.     The Buyer shall not be deemed a successor to the Debtor, by reason of the Closing or otherwise.

18.     Federal, state, and local governmental units are directed to accept any and all documents to effectuate the Closing.  The Buyer is authorized to file a UCC-3 termination statement as to Wells Fargo Bank, N.A., any assignee thereof, or any party asserting rights of subrogation.

19.     The Buyer may enter into transactions with the Debtor's lessors, contracting parties, or other third parties in order to facilitate the implementation of this Order and the transfer of the Debtor's business to the Buyer.

20.     The Acquired Assets shall not in any way include the Debtor's Chapter 11 rights, specifically and without limitation any of its avoidance rights arising under Chapter 5 of the Code, the rights to file and solicit acceptances of a plan of reorganization, the right to object to or seek to subordinate any claims, or any other rights to administer the Chapter 11 proceeding for the benefit of creditors and the estate. These rights are specifically reserved to the Debtor and its estate.  However, upon Closing, the Debtor and any party acting on behalf of the Debtor or the Debtor's estate shall be permanently enjoined from commencing, continuing or otherwise pursuing or enforcing any remedy, claim or cause of action relative to all claims, known or

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 7
{00968606.DOC;4}
DWT 13414853v1 0002822-000097

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 ● Fax: 206-587-2308*

unknown, the Debtor or any party acting on behalf of the Debtor or the Debtor's estate may have against Buyer relating to Buyer's or Buyer's shareholders' relationship or dealings with the Debtor prior to the Petition Date including without limitation any claims under 11 U.S.C. § 544, 547, 548, and 550.

21.     The Asset Purchase and Sale Agreement between the Debtor and Hayden Products, LLC approved pursuant to the First Sale Order is terminated, and Hayden Products, LLC shall have no further obligations or liabilities under such agreement.  Any rights that Hayden Products, LLC or assigns in the Acquired Assets is extinguished.  Hayden Products, LLC shall cause Stone Wescold, LLC to change its name to a name bearing no resemblance to Wescold.  This Order supersedes the First Sale Order in its entirety.  Cairncross & Hempelmann, P.S. is directed to pay $20,000 from its trust account to Riddell Williams P.S. and shall have no further obligation as the Escrow Agent under the First Sale Order.

22.     Accounts Receivable are not Acquired Assets, and the Debtor is entitled under Section 2.1(a) of the Agreement to retain originals of all books, files, records, list and proprietary information of the Debtor that relate to Accounts Receivable; provided, however, that the Debtor shall supply to Buyer an electronic or paper copy (at Buyer's election) of any such records for which the Debtor retains possession of the originals.  Pending removal of the Acquired Assets, the landlord and her agents shall have access to the Debtor's books and

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 8
{00968606.DOC;4}
D\06841-003\148049.270900007

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

records (and may make copies of such books and records) in order to obtain information reasonably related to tax preparation; provided, however, the Buyer shall not be required to make available the Debtor's books and records unrelated to tax preparation, including but not limited to customer lists and other proprietary information of the Debtor. After removal of the Acquired Assets, the Buyer shall make the Debtor's books and records available to the landlord and her agents during business hours upon two business days' notice.

23. Buyer shall have no duty to close the purchase under the Agreement unless and until this Order is not capable of being appealed or if any appeal has been filed, such appeal has been fully resolved so that this Order remains in full force and effect (a "Final Order"); provided however, Buyer my elect, in its sole discretion, to close the purchase even if this Order is not a Final Order.

DATED this 6th day of February, 2009.

_____
Thomas T. Glover
United States Bankruptcy Judge
(Dated as of "Entered on Docket" date above)

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 9
{00968606.DOC;4}

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 • Fax: 206-587-2308*

Presented by:

CAIRNCROSS & HEMPELMANN, P.S.


/s/ John R. Knapp, Jr.
John R. Knapp, Jr., WSBA No. 29343

Attorneys for Debtor Wescold, Inc.

ORDER GRANTING MOTION TO (1) SELL
SUBSTANTIALLY ALL OF DEBTOR'S ASSETS,
(2) AUTHORIZE ASSUMPTION, ASSIGNMENT
OR REJECTION OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (3) CONFIRM
TERMINATION OF HAYDEN PRODUCTS, LLC
AGREEMENT, AND (4) EXTEND TIME TO
ASSUME OR REJECT YOUNGREN LEASE - 10
{00968606.DOC:4}

*Cairncross & Hempelmann, P.S.*
**Law Offices**
*524 Second Avenue, Suite 500*
*Seattle, Washington 98104-2323*
*Phone: 206-587-0700 ● Fax: 206-587-2308*